IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL STEMPLE          *

Petitioner               *

v                        *     Civil Action No. CCB-11-1915

STATE                    *

Respondent               *
                        ***

# MEMORANDUM

The above-captioned petition was filed on July 11, 2011. Petitioner, who is detained, seeks an investigation into various matters concerning a pending state prosecution in Frederick County, Maryland. ECF No. 1. He includes allegations that certain pieces of evidence gathered from the crime scene were not tested; his former defense attorney had a conflict of interest; and unnecessary exposure to media coverage. *Id*. He states that in addition to the original charges brought against him he is being charged with jury tampering even though he has not had a trial. A review of electronic state court records reveals petitioner pled guilty, but there is no indication whether he was sentenced. The self-represented pleading has been construed as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241.

The exhaustion requirement of 28 U.S.C. § 2254(b) applies to petitions filed pursuant to 28 U.S.C. §2241. *See Timms v. Johns*, 627 F. 3d 525, 531 and n.5 (4th Cir. 2010) (applying exhaustion requirements to 2241 petition challenging civil commitment). Thus, before filing a federal habeas petition, a state prisoner must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U. S. 509, 518-521 (1982). The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted).

Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 491-92 (1973).

It is clear that petitioner has not presented his claims to Maryland's appellate courts or challenged his conviction through post-conviction procedures. Accordingly, by separate order which follows, the petition will be dismissed without prejudice.


<u>July 27, 2011</u>                                              <u>/s/</u>
Date                                                            Catherine C. Blake
                                                                       United States District Judge